UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jelena Milovanovic )<br>A 206-596-236 )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>Kevin Riddle, Chicago Field )<br>Office Director at the USCIS, )<br>Department of Homeland )<br>Security; )<br>Mark Hansen, Acting )<br>District Director of the USCIS, )<br>Department of Homeland )<br>Security; )<br>Alejandro Mayorkas, )<br>Secretary, Department of )<br>Homeland Security; )<br>Merrick )<br>Garland, Attorney General )<br>U.S. Department of Justice )<br>)<br>& )<br>)<br>Christopher A. Wray, )<br>Director, Federal Bureau of )<br>Investigation. )<br>)<br>Defendants. ) | **PETITION FOR WRIT OF MANDAMUS**<br><br>Case No. 1:22-cv-4295 |

**COMPLAINT IN THE NATURE OF MANDAMUS**

Plaintiff, by her undersigned attorney, complaining of Defendants, allege as follows:

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. §1361, the mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §702, the Administrative Procedure Act, ("APA").

2. This action seeks to compel the Chicago USCIS District Office of the Department of Homeland Security ("DHS") to adjudicate Plaintiff, Jelena Milovanovic's, Form N-400 Application for Naturalization that was filed on June 23, 2020 and has been pending now for approximately 25.5 months.

3. Plaintiff is a resident of Palos Hills, Illinois. *See* Exhibit 1.

4. Plaintiff was granted her permanent residency on December 16, 2014. Her A file is A 206-596-236. *See* Exhibit 2.

5. Any named Defendant is sued in his official capacity only.

6. Mark Hansen, the Defendant herein, is the Acting District Director of the United States Citizenship and Immigration Services (USCIS) and is being sued herein in his official capacity. Defendant is responsible for the grant or denial of naturalization applications filed within the Chicago USCIS District Office. The Federal Bureau of Investigation ("FBI") is named as a party to this action because they conduct a name/security check for the DHS as part of the application process.

7. This court has jurisdiction over the present action pursuant to 28 U.S.C. §1331, the mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701 *et seq.*, the Administrative Procedure Act, ("APA").

8. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e) in that Plaintiff may request a hearing on the matter in the District where Plaintiff resides.

9. On June 23, 2020, the Plaintiff's application for naturalization was received by the Defendant (IOE9028199115). *See* Exhibit 3. Plaintiff's biometrics on this N-400 Application were not needed since USCIS indicated on February 19, 2021, that it was able to recapture her biometric data. *See* Exhibit 4. Plaintiff was scheduled for her N-400 interview on April 15, 2021, which USCIS cancelled on April 13, 2021. *See* Exhibit 5.

10. After waiting for over 24 months to hear something from DHS, at which point Plaintiff's naturalization case was outside of USCIS current processing times, Plaintiff sought the assistance of her congressional office by contacting Congresswoman Newman's Office on July 7, 2022. The USCIS response stated that they were unable to provide any timeline for the review of Plaintiff's naturalization application due to issues USCIS has not been able to resolve. *See* Exhibit 6.

11. The adjudication of Plaintiff's application for naturalization is a non-discretionary ministerial act that the USCIS has a duty to accomplish in a reasonably timely fashion. Plaintiff's application for

naturalization has been pending for over two years since the time of filing and USCIS has not made any concerted effort to resolve this matter.

12. The FBI has a non-discretionary ministerial duty to complete the background check for plaintiff in a reasonably timely fashion.

13. In addition, the continuing failure of the Defendants to adjudicate Plaintiff's application for citizenship violates the Administrative Procedures Act ("APA"), which requires federal agencies to conclude matters with reasonable promptness ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. §1571, *see* 5 U.S.C. §555(b)). Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action unlawfully withheld or unreasonably delayed.

14. Plaintiff desires a judicial determination ordering USCIS to schedule her naturalization interview and to expeditiously complete processing of her naturalization application that has been subject to unexplained and inexplicable delays.

WHEREFORE, the Plaintiff prays that:

1. The Court will hear Plaintiff's case and compel DHS to adjudicate Plaintiff's naturalization application.

2. The Court will grant such further relief, including attorney fees and costs of this action, as may be just, lawful, and equitable in the premises.


Dated: __08/15/2022_____     __/s/: Mark Davidson_____
                                  Mark Davidson
                                  Attorney for Plaintiff



Mark Davidson
Davidson & Seseri, LLC.
10 S. LaSalle Street, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 561-6000
Fax: (312) 445-0188